## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

CYNTHIA Z. BRIGHTON, AS EXECUTOR
AND ON BEHALF OF THE ESTATE OF
PETER M. ZIEGLER,

        *Plaintiff,*

  v.

LAH CUBED, LLC
Registered Agent:
Scott R. Condray
812 Washington Street
Concordia, Kansas 66901,

and

LARRY A. HALL, an individual,
9741 Sunset Hill Circle
Lone Tree, Colorado 80124

        *Defendants.*

CASE NO. _____

---

## COMPLAINT FOR DAMAGES

Plaintiff Cynthia Z. Brighton, as Executor and on behalf of the Estate of Peter M. Ziegler, brings this action against Defendants LAH Cubed, LLC and Larry A. Hall (collectively, "Defendants"), as follows:

## PARTIES AND JURISDICTION

1.    Plaintiff Cynthia Z. Brighton ("Brighton") brings this action on behalf of and as the Executor of the Estate of Peter M. Ziegler (the "Estate"). Decedent Peter M. Ziegler ("Peter Ziegler" or "Ziegler"), at all times relevant to this lawsuit, was a Connecticut citizen and resident who died on September 5, 2017. The Estate is currently involved in probate proceedings in the Darien-New Canaan Probate Court in the State of Connecticut, Probate Case No. PD5217-00265. The Darien-New Canaan Probate Court appointed Brighton to serve as Executor of the

Estate on or about October 16, 2017.  Brighton is and was, at all times relevant to this lawsuit, a citizen and resident of the State of Connecticut.

2.      Defendant LAH Cubed, LLC ("LAH Cubed") is and was, at all times relevant to this lawsuit, a Kansas limited liability company.  At all times relevant to this lawsuit, its members have included Defendant Larry A. Hall, a.k.a. Laurence Allen Hall, Jr., ("Hall") and Lori A. Hall, who are and were, at all times relevant to this lawsuit, domiciled in the State of Colorado.  LAH Cubed may be served through its registered agent, Scott R. Condray, 812 Washington Street, Concordia, Kansas 66901.

3.      Defendant Hall is an individual who is and was, at all times relevant to this lawsuit, domiciled in the State of Colorado, and may be served at his permanent residence at 9741 Sunset Hill Circle, Lone Tree, Colorado 80124.  At all times relevant to this lawsuit, Defendant Hall was the Managing Member of LAH Cubed.

4.      This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), because this action is between citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000.00), exclusive of interest, attorneys' fees, and costs.

5.      This Court has proper venue and jurisdiction over the persons and subject matter of this lawsuit pursuant to 28 U.S.C. § 1391(b)(2) and (c) because a substantial part of the events or omissions giving rise to the claims asserted in this Complaint occurred in Kansas, and the property that is the subject of the claims asserted herein is situated in Kansas.

## FACTS COMMON TO ALL COUNTS

6.      Peter Ziegler and Defendant LAH Cubed entered into a written Balloon Promissory Note dated February 1, 2013 (the "Promissory Note").  The Promissory Note was

signed on or about January 30, 2013 by both Ziegler and Defendant Hall, as Managing Member of LAH Cubed.  Pursuant to the terms of the Promissory Note, Ziegler loaned LAH Cubed $3 million.  A true and correct copy of the Promissory Note is attached hereto as Exhibit A and incorporated herein by reference in its entirety.

7.     At the time the Promissory Note was made, Ziegler had recently purchased condominium units in a development project by LAH Cubed of certain "survival condos" in a decommissioned underground Atlas "F" missile silo located in Cloud County, Kansas (the "Survival Condos").  The Survival Condos, developed by LAH Cubed under the direction of its Managing Member Hall, were advertised as luxury condominium units that would be "event ready" in the case of a national emergency, nuclear or chemical warfare event, or other natural or war-time disaster, and contain all of the necessities to survive in a luxury resort setting for as long as five years "off the grid."

8.     Ziegler loaned the $3 million to Defendant LAH Cubed pursuant to the Promissory Note to be used for continued development of the Survival Condos.

9.     The Promissory Note provides that in return for the loan of $3 million, Defendant LAH Cubed, designated as the "Borrower" in the Promissory Note, would repay to Ziegler, designated as the "Lender" and "Note Holder" in the Promissory Note, the principal amount of $3 million, plus interest, as well as pay an "impact fee" to Ziegler.  (Exh. A, ¶ 1).

10.     The Promissory Note allowed for interest on unpaid principal at a yearly rate of ten percent (10%), both before and after any default.  (Exh. A, ¶ 2(A)).

11.     Defendant LAH Cubed also agreed in the Promissory Note to pay to Ziegler a fixed "impact fee" of $1 million (in addition to repayment of the $3 million principal amount and payment of interest on the unpaid principal amount), as "the Lender's estimate of additional

taxes he would pay due to the liquidation of assets required to raise the principal amount of cash identified as the principal…" (Exh. A, ¶ 2(B)).

12.     Monthly or interval payments were not required under the Promissory Note. Instead, full payment of all amounts due under the Promissory Note, including but not limited to the $3 million principal amount, any accrued interest and the $1 million "impact fee," was due to be paid by the maturity date of January 31, 2014, as provided in the Promissory Note.  (Exh. A, ¶ 3(A)).

13.     The Promissory Note further states that "[i]f Borrower does not pay the full amount of this [Promissory] Note on or before the date it is due, Borrower will be in default." (Exh. A, ¶ 6(A)).

14.     The Promissory Note provides that if Defendant LAH Cubed defaults, Ziegler "may send Borrower a written notice" demanding payment by a date certain of all sums that are due under the Promissory Note so long as the notice provides at least thirty (30) days for payment.  (Exh. A, ¶ 6(b)).

15.     The Promissory Note explicitly provides that "[e]ven if, at a time when Borrower is in default, the Note Holder does not require Borrower to pay immediately in full as described above, the Note Holder will still have the right to do so if Borrower is in default at a later time." (Exh. A, ¶ 6(C)).

16.     The Promissory Note allows Ziegler to recover all costs and expenses, including reasonable attorneys' fees, incurred in enforcing the Promissory Note. (Exh. A, ¶ 6(D)).

17.     In the Promissory Note, Defendant LAH Cubed waived its rights of presentment and notice of dishonor.  (Exh. A, ¶ 9).

18.     Defendant Hall signed the Promissory Note as the Managing Member of LAH Cubed on or about January 30, 2013.  (Exh. A, p. 3).

19.     On or about February 1, 2013, in accordance with the terms of the Promissory Note, Ziegler made two wire transfers in the total amount of $3 million to Defendant LAH Cubed's bank account at SunTrust Bank.

20.     Defendant LAH Cubed did not pay the principal, interest, or the impact fee required under the terms of the Promissory Note by the Promissory Note's maturity date of January 31, 2014, and therefore was in default as of February 1, 2014. Defendant LAH Cubed has never made any payments to Ziegler or to the Estate in satisfaction or partial satisfaction of the Promissory Note.

21.     On September 13, 2018, a written notice of default was sent to Defendants LAH Cubed and Hall, as well as their attorneys, demanding immediate repayment of the Promissory Note in full, including the $3 million principal amount, plus accrued interest, and payment of the "impact fee" ("Notice of Default").  The Notice of Default was delivered to both Defendant Hall, through his attorney, and to Defendant LAH Cubed, through its registered agent, via Federal Express on or about September 14, 2018.  The Notice of Default allowed thirty days for payment in full of all sums due at that time under the terms of the Promissory Note.

22.     No payment of any of the sums owed pursuant to the terms of the Promissory Note has ever been made by either Defendant to Ziegler or the Estate, and Defendant LAH Cubed currently remains in default under the terms of the Promissory Note.

23.     After receiving the Notice of Default on or about September 14, 2018, Defendants LAH Cubed and Hall began making a series of transfers of LAH Cubed's Kansas assets.

24.     Specifically, on or about October 1, 2018, Defendant Hall, through his trust, on behalf of and as Managing Member of Defendant LAH Cubed, deeded and transferred, pursuant to a Business Warranty Deed, all of its interests in a different decommissioned underground Atlas "F" military missile silo condominium development located in Tescott, Kansas to a newly-created entity, Raven Ten Development, LLC, a Kansas limited liability company formed on September 27, 2018, whose Managing Member is Defendant Hall, who also is, and has been at all times relevant to this lawsuit, the Managing Member of Defendant LAH Cubed.   This Business Warranty Deed is duly recorded in the public records of the Register of Deeds for Ottawa County, Kansas.

25.     In addition, on or about November 7, 2018, Defendant Hall, through his trust, on behalf of and as Managing Member of Defendant LAH Cubed, executed a mortgage in favor of Defendant Hall and his wife, Lori Hall, with respect to and against Unit 7N in the Survival Condos, which is owned by Defendant LAH Cubed.   This mortgage purportedly was executed in favor of Defendant Hall and Lori Hall to partially secure "Promissory Notes and other amounts owed" to them in the amount of $1.3 million.   This mortgage is duly recorded in the public records of the Register of Deeds for Cloud County, Kansas.

## CLAIMS

### COUNT I
### BREACH OF CONTRACT REGARDING THE PROMISSORY NOTE
### (AGAINST DEFENDANTS HALL AND LAH CUBED)

26.     Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 - 25, as though fully set forth herein.

27.     On or about February 1, 2013, Defendant Hall, as Managing Member of Defendant LAH Cubed, executed a Promissory Note in favor of Peter Ziegler in the amount of $3 million, in consideration for a loan made by Ziegler to Defendant LAH Cubed.

28.     The Promissory Note provided that in return for the loan of $3 million, Defendant LAH Cubed would pay the principal amount of $3 million, plus interest, and an "impact fee" of $1 million to Ziegler.

29.     Ziegler transferred $3 million into Defendant LAH Cubed's bank account on or about February 1, 2013.

30.     The Promissory Note matured on January 31, 2014.

31.     Neither Defendant LAH Cubed nor Defendant Hall have ever paid any of the sums due under the terms of the Promissory Note, including any of the principal, interest, or the "impact fee," and therefore Defendant LAH Cubed is, and has been since February 1, 2014, in default and in breach of the Promissory Note.

32.     On September 13, 2018, Plaintiff sent to Defendants Hall and LAH Cubed, and their attorneys, the Notice of Default, notifying them that LAH Cubed was in default on the Promissory Note and providing an opportunity to cure the default by making full payment of all sums due at that time under the Promissory Note, including the full amount of the $3 million principal, all accrued interest, and payment of the full amount of the $1 million "impact fee," within thirty (30) days, as required by the Promissory Note.

33.     Neither Defendant LAH Cubed nor Defendant Hall, nor anyone acting on either's behalf, has made any payment to Ziegler or the Estate at any time concerning the Promissory Note, including in response to the Notice of Default.  Defendant LAH Cubed refuses to pay any of the sums due under the Promissory Note.

34.    Defendant LAH Cubed's failure to timely pay the sums due under the terms of the Promissory Note constitutes a breach of the Promissory Note's terms.

35.    Ziegler, or the Estate, has been damaged by Defendant LAH Cubed's breach of the Promissory Note due to its failure to pay the sums due to Ziegler, or the Estate, under the Promissory Note, including the $3 million principal amount, all accrued interest, and the $1 million "impact fee."

36.    In addition, the Estate has been forced to hire counsel and incur attorneys' fees, costs and expenses in connection with enforcing the Promissory Note, and all such costs, expenses and reasonable attorneys' fees are recoverable pursuant to the terms of the Promissory Note, as alleged herein.

37.    Further, Plaintiff respectfully requests that this Court pierce the corporate veil and hold Defendant Hall individually liable for the acts of Defendant LAH Cubed regarding breach of the Promissory Note, as more fully set forth in Count III of this Complaint.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of it and against Defendants LAH Cubed and/or Hall for the full value of the sums owed to Ziegler and/or the Estate pursuant to the terms of the Promissory Note, including but not limited to the $3 million principal amount, plus pre-judgment and post-judgment interest at the rate of ten percent (10%) interest as provided in the Promissory Note or as otherwise provided by applicable law, and the full amount of the $1 million "impact" fee, as well as an award of their costs, expenses, and reasonable attorneys' fees incurred in enforcing the Promissory Note, and for such other relief as this Court deems just and proper.

**COUNT II**
**PROMISSORY ESTOPPEL REGARDING THE PROMISSORY NOTE**
**(AGAINST DEFENDANTS HALL AND LAH CUBED)**

38.     Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 - 37, as though fully set forth herein.

39.     On or about February 1, 2013, Defendant Hall, as Managing Member of Defendant LAH Cubed, made a clear and unambiguous promise to repay Peter Ziegler the amount of $3 million, plus interest and a $1 million "impact fee," in exchange for a loan given by Ziegler to Defendant LAH Cubed.

40.     Defendants promised to repay the $3 million loan, with interest at ten percent (10%), plus the $1 million "impact fee," by no later than January 31, 2014.

41.     Defendants also promised to repay all costs and expenses, including reasonable attorneys' fees, incurred to enforce the promise as a result of Defendants' failure to repay all of the sums due by January 31, 2014.

42.     Defendant Hall made these promises in writing, as the Managing Member of LAH Cubed, on or about January 30, 2013.

43.     In reasonable reliance on that promise, on or about February 1, 2013, Ziegler made two wire transfers in the total amount of $3 million to Defendant LAH Cubed's bank account at SunTrust Bank.

44.     Neither Defendant paid any of the promised sums by the agreed-upon January 31, 2014 date, including none of the $3 million principal amount, interest, or the "impact fee."

45.     On or about September 13, 2018, Plaintiff made a written demand to Defendants for payment of all of the promised sums, and provided an opportunity for Defendants to make full payment of all promised sums due, including the full amount of the $3 million principal, all

accrued interest, and payment of the full amount of the $1 million "impact fee," before filing this lawsuit.

46.     Defendants have made no payments to Ziegler or the Estate at any time before or after receiving this written demand for payment of the promised sums, and continue to refuse to pay any of the promised sums that are due.

47.     Defendants' failure to timely pay all of the promised sums that are due constitutes a breach of promise, and a court's refusal to enforce this promise would countenance a substantial injustice to Plaintiff given that Ziegler loaned this large sum of money to Defendants only because of and in reliance on their promise to repay it along with interest and the "impact fee."

48.     Ziegler, or the Estate, has been damaged in the amount of $3 million, plus the $1 million "impact" fee, plus ten percent (10%) interest (pre-judgment and post-judgment), as a result of Ziegler's, or the Estate's, reliance on Defendants' promise to pay the promised sums.

49.     In addition, the Estate has been forced to hire counsel and incur attorneys' fees, costs and expenses in connection with enforcing Defendants' promise to repay the $3 million loan, plus accrued interest, and the $1 million "impact fee," and all such costs, expenses and attorneys' fees are recoverable pursuant to the promises made by Defendant Hall, as Managing Member of Defendant LAH Cubed, as alleged herein.

50.     Further, Plaintiff respectfully requests that this Court pierce the corporate veil and hold Defendant Hall individually liable for the acts of Defendant LAH Cubed in breaching the promises described in this Count II of the Complaint, as more fully set forth in Count III below.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of it and against Defendants LAH Cubed and/or Hall for the full value of the sums owed to Ziegler

and/or the Estate, including but not limited to the $3 million principal amount, plus pre-judgment and post-judgment interest at the rate of ten percent (10%) interest or as otherwise provided by applicable law, and the full amount of the $1 million "impact" fee, as well as an award of their costs, expenses, and reasonable attorneys' fees incurred in enforcing Defendants' promises described in this Count II of the Complaint, and for such other relief as this Court deems just and proper.

**COUNT III**
**PIERCING THE CORPORATE VEIL**
**REGARDING THE CLAIMS ALLEGED IN COUNTS I AND II**
**(AGAINST DEFENDANTS LAH CUBED AND HALL)**

51.     Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 - 50, as though fully set forth herein.

52.     Defendant Hall, as the Managing Member of Defendant LAH Cubed, was no more than an alter ego of Defendant LAH Cubed, as he used LAH Cubed merely as an instrumentality to conduct his own individual business.

53.     Defendant LAH Cubed and its corporate structure can and should be disregarded because it has been used to cloak or cover fraud or illegality or to work injustice by Defendant Hall against Plaintiff.

54.     This Court should hold Defendant Hall responsible for his acts which were knowingly and intentionally done in the name of Defendant LAH Cubed because:

a.     After Plaintiff demanded in the September 13, 2018 Notice of Default that Defendants pay all sums due under the Promissory Note, or as promised by Defendants as alleged in Count II, Defendant LAH Cubed, through its Managing Member Defendant Hall, began making a series of transfers of its assets beginning in late September 2018, as alleged above.

b.  On or about October 1, 2018, Defendant LAH Cubed deeded and transferred all of its interests and ownership in another decommissioned, underground Atlas "F" military missile silo condominium development located in Tescott, Kansas to a newly-created Kansas limited liability company, Raven Ten Development, LLC, whose Managing Member is Defendant Hall, and who also is, and has been at all times relevant to this lawsuit, the Managing Member of Defendant LAH Cubed, as alleged above.

c.  On or about November 7, 2018, Defendant LAH Cubed executed a mortgage recorded and secured against its Survival Condo Unit 7N to and in favor of Defendant Hall and Lori Hall purportedly to partially secure "Promissory Notes and other amounts owed" to them in the amount of $1.3 million, as alleged above.

55.     The Court should consider this undercapitalization of Defendant LAH Cubed, its efforts to transfer its assets to protect it from debts, liabilities, and future judgments owed to Plaintiff in relation to the instant lawsuit and other disputes, as directed by its Managing Member Defendant Hall, and its fraud and deceit alleged herein, and should pierce the corporate veil and permit liability to be established and imposed against Defendant Hall and his personal assets with respect to any judgments entered against Defendant LAH Cubed in this lawsuit.

WHEREFORE, Plaintiff respectfully requests that this Court pierce the corporate veil and hold Defendant Hall individually liable for the wrongful, improper or unauthorized acts of Defendant LAH Cubed, which Defendant Hall directed and controlled as the Managing Member of Defendant LAH Cubed, as alleged in this Complaint, and for any other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury for all claims so triable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates the United States District Court for the District of Kanas sitting in

Kansas City, Kansas as the place for trial of this matter.

Respectfully submitted,

**SEIGFREID BINGHAM, P.C.**

*/s/ Brenda G. Hamilton*

Brenda G. Hamilton, Esq.      KS#27060
Shannon D. Johnson, Esq.      KS#23496
2323 Grand Blvd., Suite 1000
Kansas City, MO 64108
Tel:     (816) 421-4460
Fax:     (816) 474-3447
bhamilton@sb-kc.com
sjohnson@sb-kc.com

*COUNSEL FOR PLAINTIFF*